Date Signed:
August 24, 2015



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SHIGEO MINAMOTO,<br><br>      Debtor. | Case No. 12-01410<br>Chapter 7 |
| DANE S. FIELD, TRUSTEE,<br><br>      Plaintiff,<br><br>  vs.<br><br>HARRISON FARM LUKE, et al.,<br><br>      Defendants. | Adv. Pro. No. 14-90041<br><br>Re: Dkt. No. 87, 88 |

## ORDER ON MOTIONS TO COMPEL DISCOVERY
## AND EXTEND DISCOVERY CUTOFF

Plaintiff Dane S. Field, trustee of the bankruptcy estate of Shigeo Minamoto, requested that First Hawaiian Bank ("FHB") produce one or more appropriate witnesses for deposition under rule 30(b)(6) on eleven topics. FHB designated eight witnesses and the trustee has deposed all of them. The trustee now contends that Ms. Jamie Aqui, the witness designated by FHB to testify on the third, fourth, and

eleventh topics, did not satisfy the requirements of the rule.

I have reviewed the deposition transcripts provided by the parties.

Ms. Aqui's testimony on the third topic ("Payments made by Luke totaling approximately $512,327 on a mortgage loan on or about April 1, 2010") satisfied the rule. Ms. Aqui's testimony plus the business records she identified provide the requisite information.

Ms. Aqui's testimony on the fourth and eleventh topics, however, was not sufficient to satisfy FHB's obligation. (In general, these topics deal with certain statements allegedly made by the defendants to FHB employees.) I do not intend to criticize Ms. Aqui; there is every indication that her testimony was honest and not evasive. But Ms. Aqui's employer, FHB, fell short.

In a rule 30(b)(6) deposition, the witness is the organization, not the human being who testifies. The organization must not only provide a witness, but also must prepare that witness to testify to everything the organization knows about the identified topics. "Although the rule is not designed to be a memory contest, the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects."[1]

---

[1] *QBE Ins. Corp. V. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or

2

It is not sufficient to produce a witness with more personal knowledge than any other current employee about the identified topics. The organization's duty is not diminished despite "[t]he mere fact that an organization no longer employs a person with knowledge on the specified topics . . . . Faced with such a scenario, a corporation with no current knowledgeable employees must prepare its designees by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge."[2]

The duty to prepare the witness is extensive and intensive. "[A] corporation is expected to create an appropriate witness or witnesses from information reasonably available to it if necessary."[3]

A corporation cannot avoid producing a witness under rule 30(b)(6) by claiming that documents produced or interrogatory answers render the deposition unnecessary.[4]

FHB did not satisfy this demanding standard. The deposition transcripts make it clear that FHB made virtually no effort to prepare Ms. Aqui to testify about FHB's

---

other sources.").

[2] *QBE*, 277 F.R.D. at 689; *Fowler v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4907865, at *4 (D. Haw. Nov. 14, 2008).

[3] *QBE*, 277 F.R.D. at 689.

[4] *Id.*

3

U.S. Bankruptcy Court - Hawaii   #14-90041   Dkt # 107   Filed 08/24/15   Page 3 of 4

collective knowledge.

Accordingly, I will grant the trustee's request for an order requiring FHB to designate, prepare, and produce one or more witnesses to testify, not later than September 4, 2015, about topics four and eleven in conformity with rule 30(b)(6).

If FHB promptly complies with this order, I will not grant any sanctions. If FHB does not comply, however, I will likely grant sanctions, including appropriate sanctions for FHB's initial failure to comply with the rule.

Finally, in order to allow sufficient time to complete the deposition, I will extend the discovery cutoff to and including September 10, 2015. All other dates and deadlines remain unchanged.

END OF ORDER

U.S. Bankruptcy Court - Hawaii   #14-90041   Dkt # 107   Filed  08/24/15   Page 4 of 4